## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HIEU VO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-1092 |
| | ) | |
| RICK VEACH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] filed by Petitioner, Hieu Vo ("Vo").  For the following reasons, the Petition is DENIED.

### **Background**

Vo was convicted in the Eastern District of Missouri for racketeering, in violation of 18 U.S.C. § 1962(c).  On November 10, 1999, he was sentenced to 165 months' imprisonment.  He is currently incarcerated at the Federal Correctional Institution ("FCI") in Pekin, Illinois.

On August 5, 2005, a correctional officer conducted a routine search of Vo's cell.  The officer found a tattoo gun beneath Vo's locker. Pursuant to this search, the officer filed an incident report charging Vo with possession, manufacture, or introduction of a hazardous tool in violation of BOP Code 108.  Vo was served with a copy of the incident report and subsequently admitted that the tattoo gun belonged to him.

A disciplinary hearing relating to the incident report was held on August 9, 2005, at which time the charge was referred to the Discipline Hearing Officer ("DHO") for further hearing.  That same day, Vo was given Notice of Discipline Hearing Before the DHO and the

Inmate Rights at Discipline Hearing.  He did not request to have a staff representative at his hearing and did not ask to call any witnesses.

On August 24, 2005, a hearing was held before the DHO.  During that hearing, Vo stated that his former cell mate had given the tattoo gun to him when he got out eight months before and that he had forgotten that it was there.  He further stated that he did not do tattoos.  The DHO found Vo guilty of possession of a hazardous tool based on the findings in the staff report, as well as Vo's admission that he possessed the tattoo gun.  Consequently, the DHO sanctioned Vo with the loss of 27 days of statutory good time credit and 90 days of commissary loss.

Vo has now filed the present Petition for Writ of Habeas Corpus, challenging the revocation of his statutory good time credit.  In his Petition, Vo alleges that his due process rights were violated because there was insufficient evidence to find him guilty of the charge and that BOP regulations were "arbitrarily and capriciously applied" in his case.  The Government filed its response, and Vo has failed to timely file any traverse.  This Order follows.

### Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3).

The practical and realistic considerations underlying our penal system restrict the rights and privileges afforded to a lawfully imprisoned inmate more so than that of an ordinary citizen. Wolff v. McDonnell,  418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of

a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). However, the needs of an institutional environment are never so great that a prisoner is wholly stripped of all constitutional protections at the jailhouse door. Id. There is "no iron curtain drawn between the Constitution and the prisons of this country." Id. at 555–556. Prisoners may never be deprived of life, liberty, or property without the due process of law. Haines v. Kerner, 404 U.S. 519 (1972).

The DHO's decision satisfies due process if it is supported by some evidence in the record. Henderson v. U.S. Parole Com'n, 13 F.3d 1073, 1077 (7th Cir. 1994). This "some evidence" standard requires the Court to determine whether there is any evidence in the record that could support the DHO's conclusion. Id. In ascertaining whether this standard has been met, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good-time credits has some factual basis. Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455–56. In the context of a prison disciplinary proceeding, due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Meeks v. McBride, 81 F.3d 717, 719 (7th Cir. 1996). Therefore, the DHO's decision will be overturned only if no reasonable adjudicator could have found Vo guilty of the offense on the basis of the evidence presented. Henderson, 13 F.3d at 1077.

In this case, there is clearly some evidence that Vo possessed the tattoo gun. In fact, Vo admitted that it had been given to him by his prior cell mate. The gun was also found beneath

his locker, and Vo did not deny that it was found there.  Accordingly, the Court finds that "some evidence" supports the DHO's finding in this case.

The Court would further note that Vo's second argument that BOP regulations were arbitrarily and capriciously applied to him is also without merit.  His subjective disagreement with the way his offense was classified is simply insufficient to establish an arbitrary or capricious application.  As the record reveals that Vo received all of the required notices and due process protections in connection with the disciplinary proceedings, and the Court has found that the DHO's decision was supported by some evidence, he is not entitled to the relief requested.

## Conclusion

For the foregoing reasons, Vo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DENIED.  This matter is now terminated.

ENTERED this 24th day of August, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge